Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC WOODBERRY,<br><br>Defendant. | No. CR18-049RAJ<br><br>ORDER DENYING DEFENDANT WOODBERRY'S MOTION TO EXCLUDE CO-DEFENDANT'S ACCUSATORY STATEMENT |

THIS MATTER has come before the Court upon Defendant Eric Woodberry's Motion to Exclude Co-Defendant's Accusatory Statement (Dkt. #67). Having considered the motion, the government's response (Dkt. #90), and the files and pleadings herein, the Court makes the following findings:

**A.  Confrontation Challenge.**

Defendant Woodberry has moved to exclude an alleged statement by co-defendant Bradford Marselas Johnson, "We've done this before." The facts surrounding the circumstances of this statement being made are essentially undisputed. During the course of the robbery, Defendant Johnson told at least one of the store employees, "We've done

ORDER DENYING DEFENDANT WOODBERRY'S
MOTION TO EXCLUDE CO-DEFENDANT'S
ACCUSATORY STATEMENT – 1

this before," or words to that effect. This statement was made as store employees were forced to the ground at gunpoint.

Defendant Woodberry argues the admission of this statement would violate the Confrontation Clause and *Bruton v. United States*, 391 U.S. 123 (1968). The Court disagrees.

The Confrontation Clause and *Bruton* are only implicated when a co-defendant's testimonial statement is admitted at trial. Statements are testimonial when they result from questioning, "the primary purpose of [which was] to establish or prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006). "To determine . . . the primary purpose" of a statement, "we objectively evaluate the circumstances in which the encounter occurs and the statements and actions of the parties." *Michigan v. Bryant*, 562 U.S. 344, 359 (2011).

The statement allegedly made by Johnson was not testimonial under any realistic understanding of that term. The statement was made during the course of a crime, and if introduced at trial would not violate *Bruton*. *See Lucero v. Holland*, 902 F.3d. 979 (9th Cir. 2018), *cert.* denied, 2019 WL 659944 (Feb. 19, 2019).

The primary purpose of the statement was not that it be used in any future prosecution or to establish or prove some fact in trial. The clear primary purpose of the statement was to force activity by the store employees during the course of criminal activity, not for it to be used in a subsequent criminal prosecution. Hence, there is no constitutional violation with the admission of Johnson's statement.

**B. Admissibility Pursuant to Evidence Rule 801(d)(2)(E).**

Federal Rule of Evidence 801(d)(2)(E) permits the admission of co-conspirator statements made during the course of and in furtherance of a conspiracy. The government accurately cites the requirements for admission of such statements. Dkt. #85, p. 7.

The Court will permit the government to establish the requirements for admission of the statements. Accordingly, once established, the statements will be admissible against both defendants.

For these reasons, Defendant Woodberry's Motion to Exclude Co-Defendant's Accusatory Statement (Dkt. #67) is **DENIED**.

DATED this 12th day of April, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge