UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRADFORD MARSELAS JOHNSON and ERIC HENRY WOODBERRY,

    Defendants.

Case No. CR18-49 RAJ

ORDER

## I. INTRODUCTION

Defendant Eric Woodberry moves to strike and dismiss the allegation within Count 4 of the indictment charging a violation of 18 U.S.C. § 924(c) for aiding and abetting the use of a firearm in furtherance of a crime of violence based on a Hobbs Act robbery. Dkt. # 122. On June 3, 2019, Defendant Bradford Marselas Johnson orally joined Woodberry's motion. Dkt. # 148. The government opposes. Dkt. # 124. For the reasons below, the Court **DENIES** Defendant's motion.

## II. DISCUSSION

Defendant contends that the underlying Hobbs Act robbery alleged in Count 1 categorically fails to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A). Specifically, Defendant claims that a Hobbs Act robbery can be accomplished by putting someone in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of "violent force." Dkt. # 122 at

ORDER – 1

5. In a separate argument, Defendant contends that the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Dkt. # 122 at 7. However, the Court need not address this constitutional argument because, even if the residual clause is void, a Hobbs Act robbery satisfies the force clause under section 924(c) and is therefore a crime of violence.

In reaching this conclusion, the Court notes that the Ninth Circuit has previously stated that a Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993). The Court also looks to the Ninth Circuit's holdings in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) and *United States v. Howard*, 650 Fed.Appx. 466 (9th Cir. 2016). In *Howard*, the defendant argued that a Hobbs Act robbery is not a categorical match for section 924(c)'s force clause because the crime "may also be accomplished by putting someone in 'fear of injury' . . . ." *Id*. at 468 (quoting 18 U.S.C. § 1951(b)). In its analysis, the Ninth Circuit looked to its previous holding in *Selfa*, where it concluded that a federal bank robbery statute, which could be violated by 'force and violence, or by intimidation' qualified as a crime of violence under U.S.S.G. § 4B1.2. *Howard*, 650 Fed.Appx. at 468. The Ninth Circuit further noted that U.S.S.G. § 4B1.2 used the nearly identical definition of 'crime of violence' as § 924(c)," and held that, "[b]ecause bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." *Id.*

Although *Howard* is not binding precedent, numerous courts throughout this circuit have found its reasoning persuasive and concluded that Hobbs Act robbery is a crime of violence, even when accomplished by fear of injury. *See, e.g.*, *United States v. Chavez*, No. 15-CR-00285-LHK, 2018 WL 339140 (N.D. Cal. 2018); *United States v. Hayes*, No. 3:13-CR-00007-RCJ-WGC, 2017 WL 58578, at *2 (D. Nev. Jan. 5, 2017); *Gaines v. United States*, 248 F. Supp. 3d 959, 965-69 (C.D. Cal. 2017). Other circuit courts across the country have taken the same approach. *See, e.g.*, *United States v. Robinson*, 844 F.3d

ORDER – 2

137, 144 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017); *United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016). This Court likewise finds *Howard* persuasive and therefore **DENIES** Defendant's Motion.

### III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion.

DATED this 4th day of June, 2019.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3