The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>ERIC HENRY WOODBERRY,<br><br>                Defendant. | NO. 2:18-cr-00049-RAJ<br><br>ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
|---|---|

This matter comes before the Court on Defendant Eric Henry Woodberry's motion for compassionate release. Dkt. 252. Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

Mr. Woodberry is an inmate currently detained at Federal Correctional Institution Herlong, with a projected release date of September 18, 2027. On June 26, 2019, after a four-day jury trial, Mr. Woodberry was found guilty of Robbery; Possession of Marijuana with Intent to Distribute; and Aiding and Abetting Possession of a Firearm in Furtherance of a Crime of Violence and a Drug Trafficking Crime. The latter charge included special allegations that the firearm was brandished and that it was a short-barreled rifle.

On September 27, 2019, this Court sentenced Mr. Woodberry to 138 months in custody, to be followed by five years of supervised release. Dkt. 196. Mr. Woodberry now moves for compassionate release arguing that he presents extraordinary and compelling reasons for the Court to reduce his sentence to time served subject to strict terms of supervised release, or to convert his remaining custodial time to be served on home confinement.

## II. DISCUSSION

### A. Legal Standard for Compassionate Release

A federal court generally "may not modify a term of imprisonment once it has been imposed. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c).

Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception allowing a court to reduce a term of imprisonment for "extraordinary and compelling reasons." While under the original statute, only the Bureau of Prisons (BOP) Director could file such a motion, that limitation has been revised. As part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to allow a defendant to seek a reduction from the BOP and that request has been denied or 30 days have passed.

Congress failed to provide a statutory definition of "extraordinary and compelling reasons." Instead, Congress stated that the Sentencing Commission "in promulgating general policy statements regarding the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A) shall describe what should be considered extraordinary and compelling reasons for sentence reduction." A policy statement was issued and embodied in U.S.S.G. § 1B1.13.

The Sentencing Commission's policy statement, in turn, says that a court may reduce a term of imprisonment if "the defendant is not a danger to the safety of any other person or to the community" and "extraordinary and compelling reasons warrant such a reduction." United States Sentencing Guidelines ("USSG") § 1B1.13. The policy

statement clarifies that such reasons exist when (1) "the defendant is suffering from a terminal illness" or (2) "the defendant is suffering from a serious physical or mental condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1. The policy statement also directs a court to consider the factors set forth in 18 U.S.C. § 3553(a) in deciding whether compassionate release is appropriate and what form compassionate release should take. USSC § 1B1.13 cmt. n.4.

While the Sentencing Commission did issue a policy statement regarding "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," *United States v. Aruda,* No. 20-10245, 2021 WL 1307884 (9th Cir., Apr. 8, 2021) has since held the current version of § 1B1.13 refers only to motions filed by the BOP Director and does not reference motions filed by a defendant as now allowed under § 3582(c)(1)(A). Consequently, this Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but the policy statement is not binding.

In adopting this rationale, the Ninth adopted the reasoning of five other circuits. In *Aruda, Id.,* the Court specifically referenced the explanation of the Fourth Circuit:

> "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *United States v. McCoy,* 981 F3rd 271, 284 (4th Cir. 2020) (quoting *United States v. Brooker,* 976 F.3d 228, 230 (2nd Cir. 2020)."

In light of the foregoing, § 1B1.13 may inform this Court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.

Mr. Woodberry's motion seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. As amended, § 3582(c)(1)(A)

permits an inmate, who satisfies certain statutorily mandated conditions, to file a motion with the sentencing court for "compassionate release."

### B. Exhaustion of Administrative Remedies

Prior to considering the merits of Mr. Woodberry's motion, the Court must determine whether he has met the statutory exhaustion requirement for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Counsel for Mr. Woodberry submitted a written request for compassionate release to the warden of FCI Herlong, which letter was received by the warden on January 24, 2022. Dkt. 252, Ex. 1. There has been no response. Based on the evidence presented, the Court finds the statutorily required 30-day period has expired, and Mr. Woodberry's motion is properly before the Court.

### C. Extraordinary and Compelling Circumstances.

The Court must next determine if extraordinary and compelling circumstances warrant a reduction of Mr. Woodberry's term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)(A)(i). To be eligible for this Court to exercise its discretion for a reduced sentence, Mr. Woodberry bears the burden to show "extraordinary and compelling reasons" for compassionate release to be granted.

Mr. Woodberry argues that his medical conditions, specifically obesity and asthma, as well as his African-American race, render him at higher risk for developing serious illness should he contract coronavirus-19 (COVID-19). Dkt. 252.

In support of his motion Mr. Woodberry also sets forth claims regarding the conditions at FCI Herlong which place him at further risk of contracting the virus, highlighting the congregate prison environment and his claim that the delay in providing him with a vaccine booster dose demonstrates the inability of the BOP to safely manage those in their custody. Dkt. 252.

Finally, Mr. Woodberry argues for immediate release based on the need for him to care for his newly disabled mother. Dkt. 252.

While acknowledging Mr. Woodberry does suffer from obesity, a condition that is recognized by the Centers for Disease Control and Prevention (CDC) as a risk factor for severe complications from COVID-19, the government argues that the grounds set forth by Mr. Woodberry do not support compassionate release in that his asthma is being well managed, and that his risk of contracting COVID-19 and suffering serious consequences should he become infected is substantially mitigated by the fact he has received the vaccination and booster. Dkt. 257.

The government indicates that recent decisions from other courts around the country, including within this district, have held that given the significant efficacy of the vaccinations, that the risk of contracting COVID-19 in a prison setting is no longer grounds for a sentence reduction, even for inmates who suffer from medical conditions. Dkt. 257.

The government sets forth the efforts being undertaken by the BOP to mitigate the spread of the virus, indicating that such steps have proven effective as the number of cases of COVID-19 has dropped dramatically in the federal prison system, mirroring the reduction in cases nationwide. Dkt. 257.

The Court finds that Mr. Woodberry's receipt of the vaccination diminishes his arguments about his vulnerability to COVID-19. He has been fully vaccinated, having received the Pfizer-BioNTech booster on January 27, 2022. Dkt. 259, p. 16. While no vaccine is 100% effective, it substantially reduces the likelihood of Mr. Woodberry contracting the virus. He is thus left with just the argument of his fear of contracting the virus. While concerns about contracting the virus are certainly understandable, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence." *See, United States v. Eberhart,* _F. Supp. 3d_, 2020 WL 1450745 at *2 (N.D. Cal. 2020); *United States v. Stanard,* 2020 WL 221948 (W.D. WA. May 7, 2020) and *United States v. Fuentes*, 2020 WL 1937398 (E.D. Ca. Apr. 22, 2020).]

Mr. Woodberry's remaining medical basis for relief is due to the fact that he suffers from asthma. The Court has reviewed the entirety of his submitted medical records while he has been incarcerated at the BOP. While there are references to this condition in these records, there is no evidence that Mr. Woodberry's asthma cannot continue to be managed and treated during his incarceration.

Consequently, the Court agrees with the government that "chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances." *United States v. Miller,* No. 15-cr-00471-CRB-1, 2021 WL 2711728, at *4 (N.D. Cal. July 1, 2021).

Mr. Woodberry also raises the issue of whether the BOP is adequately protecting prisoners' health. He is currently serving his sentence at FCI Herlong. The Court has monitored this facility for COVID impact and positive indications of the virus. The latest statistical information posted by the BOP as of June 1, 2022, indicates that as of the date of this Order there are 4 inmates positive, 8 staff positive, 0 inmate deaths, 0 staff deaths, 488 inmates recovered, and 69 staff recovered.

While numbers alone do not indicate the efficacy of the efforts to protect prisoners' health, the government has provided an unrebutted articulation of measures undertaken since March 2020 to reduce the risk of infection to Mr. Woodberry and others while incarcerated. In light of the record before this Court, Mr. Woodberry has not provided sufficient evidence to support his claim for a reduction in sentence.

As to Mr. Woodberry's request for compassionate release to care for his mother, the government indicates there is limited caselaw on this issue, and so for guidance points the Court to the non-binding BOP Program Statement 5050.50 regarding Compassionate Release/Reduction in Sentence. The program statement provides for release when there is a need to care for a defendant's child, spouse, or partner, and then only if the qualifying family member is wholly incapacitated and the defendant is the only available caregiver. The program statement does not address care for a parent. The government argues that even if a parent is among the family members whose needs would qualify, a reduction in

sentence should be limited to those cases where the evidence establishes that the parent is wholly incapacitated and the defendant is the only possible caregiver. Here, the government contends Mr. Woodberry has failed to provide any such evidence. Dkt. 257.

The Court is sympathetic to the health difficulties that have apparently arisen for Mr. Woodberry's mother. The Court also accepts that Mr. Woodberry's absence in sharing the responsibilities in caring for his mother is placing a burden on other members of his family. The circumstances presented by Mr. Woodberry warrant compassion for his mother, but he has failed to convince this Court that his release is the proper remedy. The record before this Court is devoid of specific information detailing his mother's condition, her expected future prognosis, or clear evidence of the specifics of why home health care, insurance, or state-funded public assistance programs are unavailable. While the burden unfairly shifts care for his mother to other family members, the Court is not persuaded that the facts presented warrant Mr. Woodberry being released from prison.

### D. Safety of Others and Other 18 U.S.C. § 3553(a) Factors

The Court next turns to whether Mr. Woodberry presents a danger to the safety of any other person or to the community. As noted above, while not bound by U.S.S.G. §1B1.13, this Court exercises its discretion and will consider the 18 U.S.C. § 3553(a) factors in assessing whether a reduction in sentence is appropriate.

In making this determination, the Court looks to the nature and circumstances of the underlying offense, the weight of evidence against him, his history and characteristics, and the nature and seriousness of the danger his release would pose to any person or the community. 18 U.S.C. §3142(g). The Court may not reduce a defendant's sentence unless it finds that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Conspicuously absent from Mr. Woodberry's motion is any direct analysis on whether he is currently a danger to the community. Mr. Woodberry argues that he has had the opportunity while incarcerated to reflect on his actions and that he has gained

maturity in that time. He indicates that if released to care for his mother, she would help provide him with moral guidance and afford him an opportunity for redemption. Dkt. 252.

The government opposes Mr. Woodberry being released and argues that a reweighing of the § 3553(a) factors, particularly the nature, circumstances, and seriousness of these offenses, does not provide a basis for the Court to reduce the sentence originally imposed. The government highlights the serious and violent nature of Mr. Woodberry's instant offenses, and his escalating misconduct and criminal behavior immediately prior. At the time of the robbery at issue here, Mr. Woodberry had three outstanding warrants for his arrest, including one for a crime for which he has now pled guilty and received a 21-month sentence to be served consecutively to the sentence this Court imposed. Dkt. 257.

Mr. Woodberry's conduct in the instant offenses was extremely serious and fraught with opportunity for the firearms to be discharged, and included the risk of causing death in the manner in which he and his codefendant pointed loaded firearms directly at employees of the marijuana dispensary they robbed. The display of these guns was accompanied by verbal threats and efforts to take these employees as hostages. While Mr. Woodberry has made some progress as evidenced by his Certificates of Completion, this Court has yet to be apprised of any expression of remorse, compassion, or empathy for the victims in this case. This hardly presents a compelling case for compassionate release.

In determining whether to grant Mr. Woodberry's compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court also considers the relevant factors other than noted above as set forth under 18 U.S.C. § 3553(a). These factors include the need for the sentence imposed, the kinds of sentences available, promoting respect for the law, providing just punishment for the offense, avoiding unwarranted sentencing disparities, and providing medical care in the most efficient manner. 18 U.S.C. § 3553(a)(2)(B, C, D); 18 U.S.C. § 3582(c)(1)(A). All of these factors were addressed at sentencing and

nothing has been presented to convince this Court that the sentence previously imposed should be altered in any manner.

### III. CONCLUSION

For the foregoing reasons, Defendant Eric Henry Woodberry's motion for compassionate release is **DENIED**.

DATED this 1st day of June, 2022.

HON. RICHARD A. JONES
United States District Judge

ORDER - 9