HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC HENRY WOODBERRY,<br><br>    Defendant. | Case No. CR18-00049 RAJ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Eric Henry Woodberry's pro se motion seeking a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821, Part A (Status Points) to the Sentencing Guidelines. Dkt. 268.  He is currently serving his sentence at the Federal Correctional Institution in Herlong, California.

In the Government's opposition, the background summary accurately reflects the defendant's history with this Court.  Dkt. 271.  Rather than restate the government's summation, this Court adopts the same as a complete and accurate restatement of the defendant's charges, criminal history, guideline calculations, and application of Amendment 821 to the defendant's sentencing range.

District courts generally lack authority to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819 (2010). Pursuant to 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's

ORDER – 1

sentence under certain limited circumstances. Specifically,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that the policy and procedure set forth by the Commission in Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."

The Court agrees, Woodberry's criminal history category is reduced by virtue of the retroactive application of this amendment, but he is not eligible for a reduction in sentence because his original sentence for Counts 1 and 2 is already below the minimum of the newly revised range for those counts.

This Court originally sentenced Woodberry to 18 months for Counts 1 and 2, which is well below the minimum of the new range (57 months). Accordingly, he is ineligible for a reduction pursuant to the binding limitation imposed by USSG § 1B1.10(b)(2)(A) and *Dillon*, which generally does not permit a court to reduce a sentence in these circumstances to a term lower than the minimum of the new range. As noted above, the 120-month consecutive sentence imposed for Count 4 was a statutory mandatory term, and not based on Chapter Four criminal history category at all, so the new amendment has no application to, or effect upon, that sentencing range. As a result, the 120-month sentence imposed on Count 4 may not be reduced. USSG § 1B1.10(a)(2).

Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion.

ORDER – 2

For the foregoing reasons, the Defendant's Motion for Reduction of Sentence is **DENIED**.

DATED this 2nd day of May, 2024.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3

ORDER – 4